No. 2025-106

In the United States Court of Appeals for the Federal Circuit
_____

In Re KOEHLER OBERKIRCH GMBH, f/k/a PAPIERFABRIK
AUGUST KOEHLER SE, f/k/a PAPIERFABRIK AUGUST
KOEHLER AG; and KOEHLER PAPER SE,
*Petitioners.*
_____

On Petition for Writ of Mandamus to the
United States Court of International Trade
No. 1:24-cv-00014
Hon. Gary S. Katzmann
_____

**REPLY IN SUPPORT OF PETITION FOR A WRIT OF MANDAMUS**
_____

John F. Wood
HOLLAND & KNIGHT LLP
800 17th Street N.W.
Suite 1100
Washington, D.C. 20006
Telephone: (202) 469-5628
John.F.Wood@hklaw.com

*Attorney for Petitioners Koehler Oberkirch GmbH, f/k/a Papierfabrik August Koehler SE, f/k/a Papierfabrik August Koehler AG, and Koehler Paper SE*

# TABLE OF CONTENTS

|      |                                                                                                      | Page |
|------|------------------------------------------------------------------------------------------------------|------|
| I.   | INTRODUCTION .......................................................................................................... | 1 |
| II.  | ARGUMENT.................................................................................................................. | 1 |
|      | A. Petitioners Have Shown Clear and Indisputable Right to Issuance of the Writ ................................................................................................ | 2 |
|      | B. Petitioners Have Demonstrated There is No Adequate Alternative Method of Obtaining Relief ............................................................... | 4 |
| III. | CONCLUSION.............................................................................................................. | 5 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cheney v. U.S. Dist. Ct. for D.C.*,
 542 U.S. 367 (2004) ............................................................................................. 4

*Codigo Music, LLC v. Televisa S.A. de C.V.*,
 No. 15-CIV-21737, 2017 WL 4346968 (S.D. Fla. Sept. 29, 2017) ..................... 2

*Drew Techs., Inc. v. Robert Bosch, LLC*,
 No. 12-15622, 2013 WL 6797175 (E.D. Mich. Oct. 2, 2013) ............................ 3

*Gen. Protecht Grp., Inc. v. Leviton Mfg. Co., Inc.*,
 651 F.3d 1355 (Fed. Cir. 2011) ........................................................................... 3

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
 526 U.S. 344 (1999) ............................................................................................. 4

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
 626 F.3d 1222 (Fed. Cir. 2010) ........................................................................... 3

*Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*,
 484 U.S. 97 (1987) ............................................................................................... 4

*In re OnePlus Tech. (Shenzhen) Co.*,
 No. 21-165, 2021 WL 4130643 (Fed. Cir. Sept. 10, 2021) (per curiam) ............ 3

*Rio Props., Inc. v. Rio Int'l Interlink*,
 284 F.3d 1007 (9th Cir. 2002) ............................................................................. 5

*Waymo LLC v. Uber Techs., Inc.*,
 870 F.3d 1350 (Fed. Cir. 2017) ........................................................................... 4

**Other Authorities**

USCIT Rule 4(e) ................................................................................................... 1, 2

## I. INTRODUCTION

Petitioners have shown that the Court of International Trade (CIT) Order allowing alternative service of process on Petitioners' U.S. counsel in the United States, rather than respecting the German court's request for service through diplomatic channels, is both legally wrong and a clear abuse of discretion. The Government, both in its arguments to the CIT and its Response to the Petition, put forward no justification for its end-run around proper service pursuant to the German court's request but for its conclusory assertion that such service *may* have "a *potential* delay of a year or more." Response to Petition for Writ of Mandamus, ECF No. 7 ("Response"), at 7 (emphasis added). Further, though the Government asserts that this Court has concluded that service on a foreign defendant's U.S. counsel is appropriate, the cases the Government cites in support involved the Federal Circuit following the law of the Fifth and Ninth Circuits – neither of which is controlling.

## II. ARGUMENT

The CIT's order constitutes an error of law and a clear abuse of discretion, Petitioners have no adequate remedy on appeal, and the issue of whether USCIT Rule 4(e) permits service upon a foreign defendant through its U.S. counsel is a basic, undecided question in this Circuit that is likely to recur. Mandamus is thus warranted.

Petitioners will not repeat the contents of the entire Petition, but wish to respond to several discrete points raised by the Government in its Response. However, as an initial matter, the Government in its Response cites its unproven allegations in the Amended Complaint as fact and states that Petitioners have "admitted" or conceded certain of these allegations. This is false. Petitioners have not made any substantive admissions of fact. Moreover, as the question presented in the Petition is related only to service of process, the factual underpinnings of the Government's claims are irrelevant at this time.

### A. Petitioners Have Shown Clear and Indisputable Right to Issuance of the Writ

As argued in the Petition, the CIT committed both an error of law and a clear abuse of discretion in granting the Government's motion for alternative service. The USCIT Rules and the Federal Rules of Civil Procedure do not allow for service on a foreign defendant through U.S. counsel not authorized to accept such service, and the Government put forward no justification for court intervention or contravening principles of international comity by going against the German court's request for service through diplomatic channels.

Contrary to the Government's arguments and the CIT's finding, service that occurs in the United States on U.S. counsel is not "at a place not within any judicial district of the United States." USCIT Rule 4(e); *see Codigo Music, LLC v. Televisa S.A. de C.V.*, No. 15-CIV-21737, 2017 WL 4346968, at *13 (S.D. Fla. Sept. 29,

2017) (finding that alternative service must "contain, at least, some component of service that will occur outside of the United States"); *Drew Techs., Inc. v. Robert Bosch, LLC*, No. 12-15622, 2013 WL 6797175, at *3 (E.D. Mich. Oct. 2, 2013) ("Court ordered service [on German defendants] under Rule 4(f)(3) is clearly limited to methods of service made outside of the United States.").

The Government argues that this Court has previously "agree[d] that alternative service on a foreign defendant through its U.S. counsel is permissible." Response at 6. However, the cases the Government cites in support relied on case law of other circuits, not the Federal Circuit. *See Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239-40 (Fed. Cir. 2010); *In re OnePlus Tech. (Shenzhen) Co.*, No. 21-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) (per curiam); *see also Gen. Protecht Grp., Inc. v. Leviton Mfg. Co., Inc.*, 651 F.3d 1355, 1359 (Fed. Cir. 2011) ("Although this court generally applies the law of the respective regional circuit on questions of procedure, this court applies its own law in reviewing procedural matters arising from substantive issues in areas of law within its exclusive jurisdiction."). The law of other jurisdictions does not determine legal error or a clear abuse of discretion in this Circuit.

Further, the *Nuance* court (under Ninth Circuit law) ordered service against a foreign defendant's wholly-owned domestic subsidiary. *Nuance*, 626 F.3d at 1228, 1240. A request for service on a defendant's U.S. counsel who is not authorized to

3

accept service of process is an entirely different matter. Significantly, neither *Nuance* nor *OnePlus* dealt with an express request from a foreign official such as occurred here, where the German court on receiving the Government's request for service pursuant to the Hague Convention declined, stating specifically that the Government should effect service through diplomatic channels. Appx101, 104. At bottom, Petitioners have shown a "clear and indisputable" right to a writ of mandamus because the CIT committed both an error of law and "a clear abuse of discretion." *Waymo LLC v. Uber Techs., Inc.*, 870 F.3d 1350, 1359 (Fed. Cir. 2017) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004)).

**B.    Petitioners Have Demonstrated There is No Adequate Alternative Method of Obtaining Relief**

The Government's Response argues that Petitioners "fail[] to demonstrate that appeal from a final order would be inadequate." Response at 10. However, the Government's argument is that Petitioners would only be forced to expend unnecessary costs, which does not justify mandamus. The Government misses the mark, entirely ignoring Petitioners' argument that, without proper service, the CIT cannot exercise personal jurisdiction over Petitioners. *See, e.g.*, *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (recognizing service of process as a "bedrock principle," such that an "individual or entity named as a defendant is not obliged to engage in

4

litigation unless notified of the action, and brought under a court's authority, by formal process").

The Government relies on the CIT's erroneous finding that Petitioners somehow conceded that the Government would "eventually succeed in serving [Petitioners]." Response at 10-11, Appx222. This finding was based on Petitioners' statement that they "have not evaded service." Appx179, 222. An argument that Petitioners have not improperly evaded service (as in *Rio Props., Inc. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002), where the Ninth Circuit addressed an "elusive international defendant, striving to evade service of process," who had no known address), does not equate to a concession that service is unnecessary. By this logic, there would be no requirement to serve any defendant in any lawsuit so long as the defendant was locatable. The rules for service are not meaningless, nor is the necessity for personal jurisdiction worthless of mandamus review.

## III. CONCLUSION

For the foregoing reasons, and for the reasons stated in the Petition, this Court should grant the petition for writ of mandamus, reversing the CIT's order granting the Government's motion for alternative service.

Dated: November 12, 2024	Respectfully submitted,

	*/s/ John F. Wood*
	John F. Wood
	HOLLAND & KNIGHT LLP
	800 17th Street N.W.
	Suite 1100
	Washington, D.C. 20006
	Telephone: (202) 469-5628
	John.F.Wood@hklaw.com

	*Counsel for Petitioners*

# CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: November 12, 2024

/s/ *John F. Wood*
John F. Wood
HOLLAND & KNIGHT LLP
800 17th Street N.W.
Suite 1100
Washington, D.C. 20006
Telephone: (202) 469-5628
John.F.Wood@hklaw.com

*Counsel for Petitioners*

FORM 19. Certificate of Compliance with Type-Volume Limitations  Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2025-106

**Short Case Caption:** In re Koehler Oberkirch GmbH

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __1,141__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 11/12/2024

Signature: /s/ John F. Wood

Name: John F. Wood

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-106

**Short Case Caption** In re: Koehler Oberkirch GmbH

**Filing Party/Entity** Koehler Oberkirch, GmbH, Koehler Paper SE

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/06/2024　　　　　Signature: /s/ John F. Wood

　　　　　　　　　　　　　Name: John F. Wood

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Koehler Oberkirch, GmbH, f/k/a Papierfabrik August Koehler SE, f/k/a Papierfabrik August Koehler AG | | Koehler Paper SE |
| Koehler Paper SE | | None |

☐　Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable  ☐ Additional pages attached

| | | |
|---|---|---|
| John F. Wood, Holland & Knight LLP | Stuart G. Nash, Holland & Knight LLP | Andrew K. McAllister, Holland & Knight LLP |
| Anna P. Hayes, Holland & Knight LLP | Libby K. Bloxom, Holland & Knight LLP | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)  ☑ No  ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable  ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |